UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:

PAMELA LOFTIN,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, PAMELA LOFTIN, by and through the undersigned attorney, and files this Complaint stating causes of action against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, and alleges as follows:

1. This is an action for recovery of benefits under employee welfare benefit plans brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, PAMELA LOFTIN, is an adult resident citizen of Virginia Beach, Virginia.

3. Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Defendant" or "LINA"), is a foreign corporation authorized to do business and actually doing business within the Middle District of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## COUNT I – BREACH OF CONTRACT

5. Plaintiff and/or her employer, CIGNA Companies, purchased through her employer a contract of salary continuance insurance including long term disability (LTD) benefits (hereinafter "the LTD Plan").

6. At all times material to this Complaint, the LTD Plan was in full force and effect and Plaintiff was an LTD Plan participant.

7. Defendant, LINA, is in possession of all master LTD Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret LTD Plan provisions and is an LTD Plan fiduciary, or alternatively, is an LTD Plan fiduciary without discretion to interpret LTD Plan provisions.

9. On or about January 16, 2019, Plaintiff became totally disabled from her past employment as defined by the LTD Plan, due to post traumatic stress disorder, degenerative disc disease of the cervical spine, chronic asthma, stage 3 kidney disease, knee problems, right shoulder problems, lumbar spine pain, obstructive sleep apnea; insomnia; major depression; Sjogren's Syndrome; osteoarthritis, and other exertional and non-exertional impairments.

10. Plaintiff made a timely application for disability benefits under the LTD Plan, and she received LTD Plan benefits for the period July 17, 2019 through January 16, 2021.

11. On or about January 14, 2021, Defendant or its agents terminated Plaintiff's ongoing benefits, effective January 17, 2021.

12. Plaintiff timely appealed said termination of benefits, and Defendant or its agents upheld its previous decision to terminate Plaintiff's claim LTD Plan benefits on March 10, 2022.

13. Plaintiff again timely appealed said termination of benefits, and Defendant upheld its previous determinations to terminate Plaintiff's claim for LTD Plan benefits on September 8, 2022.

14. Plaintiff continues to remain totally disabled from employment, as defined by the LTD Plan, due to post traumatic stress disorder, degenerative disc disease of the cervical spine, chronic asthma, stage 3 kidney disease, knee problems, right shoulder problems, lumbar spine pain, obstructive sleep apnea; insomnia; major depression; Sjogren's Syndrome; osteoarthritis, and other exertional and non-exertional impairments.

15. Plaintiff has exhausted all mandatory administrative remedies afforded by the LTD Plan and has otherwise complied with all conditions precedent to this action.

16. Each of the Defendant's denials of Plaintiff's claims for LTD Plan benefits constituted abuse of Defendant's discretion under the LTD Plan and derogated Plaintiff's right to disability benefits under the terms of the LTD Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all LTD Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: December 2, 2022    /s/ Nick A. Ortiz
Nick A. Ortiz, Esq.
FL. Bar No.: 12699
Ortiz Law Firm
316 S. Baylen St., Ste. 590
Pensacola, FL 32502
(850) 308-7833 (T)
(850) 208-3613 (F)
nick@nickortizlaw.com
Attorney for Plaintiff